DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Tony Randall McKinney ("McKinney"), appeals the decision of the Medina Court of Common Pleas adjudicating him a sexual predator. We affirm.
 I.
In 1993, McKinney was convicted of gross sexual imposition, in violation of R.C. 2907.05. The victim was McKinney's adopted daughter. On March 16, 2001, the grand jury indicted McKinney of rape, in violation of R.C. 2907.02(A). The alleged victim was McKinney's six year-old stepson. On April 16, 2001, the grand jury again indicted McKinney on the charge of rape (arising from the incident with his stepson) and added a violent sexual predator specification. The charges were consolidated, McKinney pleaded guilty to the rape charge and the state dismissed the violent sexual predator specification.
Pursuant to R.C. 2950.09, the trial court held a hearing for the adjudication of McKinney's sexual offender status. A detective and registered nurse testified at the hearing. On April 24, 2001, the trial adjudicated McKinney as a sexual predator.
This appeal followed.
 II. ASSIGNMENT OF ERROR NO. 1: The trial court failed to consider the relevant factorS in R.C 2950.09(B)(2) in determining defendant-appellant's sexual predator status[.]
 ASSIGNMENT OF ERROR NO. 2: The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that the defendant-appellant is likely to engage in the future in one or more sexually-oriented offenses[.]
McKinney's first and second assignments of error are related and will be considered together for ease of discussion. McKinney argues that the trial court failed to consider relevant statutory factors in its determination and that the trial court's determination was not supported by sufficient evidence. We disagree.
If an offender is to be adjudicated as a sexual offender, a trial court must hold a hearing pursuant to R.C. 2950.09(B). "At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In order for a trial court to adjudicate an offender as a sexual predator, the court must consider the factors outlined above and the testimony and evidence presented, and determine whether there is clear and convincing evidence that the offender is a sexual predator. R.C.2950.09(B)(3). The standard of clear and convincing evidence is met if the evidence produces a firm belief or conviction as to the matter to be established in the mind of the trier of fact. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported, at 3. In reviewing the trial court's decision, we must examine the record to determine whether sufficient evidence exists to meet the clear and convincing standard.Cross v. Ledford (1954), 161 Ohio St. 469, 477; see, also, State v.Cartwright (Nov. 25, 1998), Lorain App. No. 97CA006782, unreported, at 6.
On appeal, McKinney argues that the trial court failed to consider the relevant statutory factors. We note that the trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander
(Apr. 14, 1999), Summit App. No. 18823, unreported, at 5-6, citing Statev. Tracy (May 20, 1998), Summit App. No. 18623, unreported, at 9. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported, at 6, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
At the sexual predator hearing, Detective Davis testified that he interviewed McKinney throughout the police investigation. Detective Davis questioned McKinney regarding a letter that McKinney authored as part of a previous treatment for being on probation as a sex offender. The letter provides:
My name is Tony. I am a child sex offender and adult sex offender.
 I victimized two children. The first child I victimized was my daughter, Margory, from the age of six to twelve years old. I forced fondled Margory's breast. I raped Margory and I voyered Margory for at least two years.
 I kept secrecy by telling Marjory I hadn't done anything wrong.
I groomed her by wrestling and tickling her.
 Shawn is my stepson. At the age of nine years old, I forcefully fondled his penis at least one time.
 I have emotionally and physically abused both children by beating them and neglecting them.
 I have at least fifty times attempted to have sex with women, and either convinced or manipulated them into having sex.
 At the age of twenty-three, I intended to rape two women within a six month period of time by holding them against their will in my automobile.
I have committed hundreds of offenses.
A review of the record in the case sub judice demonstrates the trial court's classification of McKinney as a sexual predator is supported by clear and convincing evidence. The record indicates the trial court considered the evidence and testimony in light of the factors listed in R.C. 2950.09(B)(2) before concluding McKinney should be classified a sexual predator. The trial court considered the age of the victim (6 years old), McKinney's prior conviction for gross sexual imposition of his adopted daughter, as well as the nature of the sexual conduct. Our independent examination of the record supports trial court's conclusion that, by clear and convincing evidence, McKinney qualifies as a sexual predator.
McKinney's first and second assignments of error are overruled.
 III. ASSIGNMENT OF ERROR NO. 3: The trial court erred in admitting expert opinions at the sexual predator hearing[.]
In his third assignment of error, McKinney argues that the trial court erred in admitting the expert opinion of a registered nurse, Claudia Williams ("Williams"). Specifically, McKinney asserts that Evid.R. 702 permits expert testimony only after a threshold determination is made pursuant to Evid.R. 104(A) concerning the qualification of an individual to testify as an expert witness.
We begin by noting that the Ohio Supreme Court has held that "the Ohio Rules of Evidence do not strictly apply to sexual predator hearings."State v. Cook (1998), 83 Ohio St.3d 404, 425. R.C. 2950.09(B)(1) provides in relevant part that, "[at] the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and witnesses regarding the determination as to whether the expert offender is a sexual predator." R.C. 2950.09(B)(1).
The admission or exclusion of evidence rests soundly within the trial court's discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The trial court's decision concerning the admission or exclusion of evidence will not be reversed absent an abuse of that discretion. Id. at 182. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
Williams is a registered nurse licensed by the State of Ohio and certified by the American Nurses Association in psychiatric and mental health nursing. She is employed by Portage Path Behavioral Health, an outpatient facility treating people with psychiatric and mental health problems. Williams has been the co-coordinator of the child sexual program at Portage Path for the past fourteen years. In this position, she has treated 200 to 300 sex offenders. Williams testified that she annually maintains 40 hours of continuing medical education in the specific area of the treatment of sexual offenders. Her continuing medical education includes attending seminars, educational classes and telephone conferences with national experts.
After a careful review of the foundation laid for Williams' testimony as an expert, we conclude that the trial court did not abuse its sound discretion in admitting Williams' testimony regarding certain factors that indicate whether or not it is likely that a person will offend again in the future. McKinney's third assignment of error is overruled
 IV.
Having overruled McKinney's three assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, J., SLABY, J. CONCUR.